REDMAN, administrator, *v.* THAXTON.

No. 6668. JANUARY 16, 1928.

*C. L. Redman,* for plaintiff.   *W. S. Mann,* for defendant.

BECK, P. J.   T. E. Redman, deceased, owned two tracts of land, one consisting of 148 acres near the Town of Helena, Georgia; the

other was a lot of 202-1/2 acres in the country. The lot of 148 acres is referred to hereinafter as the town lot, and the other as the country lot. On September 27, 1919, Redman conveyed both tracts of land to the Penn Mutual Life Insurance Company by deed to secure a debt, containing a power of sale. This deed was duly recorded. Thereafter Redman conveyed the country lot to Frank & Company by deed containing a power of sale to secure a debt due by Redman as principal and by H. F. Thaxton as security. Redman defaulted in the payment of the debt due Frank & Company, who obtained judgment therefor against Redman as principal and Thaxton as surety. Thereafter Redman died, and his widow applied for a year's support. The appraisers set apart to the widow the equity in all of said lands, subject to both the debts mentioned. To the return Frank & Company filed a caveat, and appealed the case to the superior court when a judgment adverse to them was rendered in the court of ordinary, and the appeal is now pending. Thaxton, the security, paid off the debt to Frank & Company, and had the execution and the security deed, with all the rights, powers, and privileges thereunder, transferred and assigned to him. After acquiring the Frank & Company judgment debt and the security deed, Thaxton purchased the Penn Mutual Life Insurance Company debt, and the deed securing it was assigned and transferred to him. After the appeal of the case made by the caveat to the return of the appraisers, the widow died, and W. J. Redman, was appointed administrator of her estate. Thaxton demanded payment of Redman, administrator, and, on his failure to pay, advertised the lands covered by the deeds to be sold under the power of sale contained therein. W. J. Redman, administrator, filed his petition for injunction to prevent the sale of the property unless the same was sold in a certain order contended for by him. On the hearing the court dissolved a previous restraining order, but "ordered that the defendant be and is hereby enjoined from selling the lands in question as a whole; however defendant may sell said lands by offering same separately, that is to say, he may first offer said 148-acre tract of lots 175, 185, and 186, and then offer said lot 165 for sale; and if this be done, let the defendant hold the purchase-price of said lands to be distributed as may be determined in said case. To this order the plaintiff excepted.

648

We are of the opinion that the court did not err in refusing to grant an injunction as prayed. The statement of facts in the petition does not make a case within § 3220 of the Code, relating to compulsory election, which reads as follows: "As among themselves, creditors must so prosecute their own rights as not unnecessarily to jeopard the rights of others; hence a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien." The title to neither tract of land was in the husband of the applicant for a year's support at the time of his death, and the appraisers appointed to set apart the year's support set aside to the widow only the equity in the property in question; and even if this year's support should have been set apart to the applicant, her right to this year's support would not have barred the right of the holder of the two security deeds and the debts secured by them to enforce those deeds according to their terms for the payment of his debt. The judgment of the court below is therefore

*Affirmed. All the Justices concur.*